## W. Reed et al. *v* H. H. Crocker, Executor.

A suit to remove an executor from office may be maintained by a portion of the heirs named in the will.

The Act of the Legislature of March 13th, 1837, sec. 3d, reënacted 12th of March, 1855, imposing a penalty on executors, administrators, &c., for withdrawing the funds of the succession from bank without an order of court, is imperative and must be enforced when there are no peculiar circumstances which form an exception.

The statute is equally imperative that the executor must render a full account of his administration at least once in every twelve months, and the neglect of the counsel of absent heirs to compel an account, will not exonerate the executor.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Ogden & Leovy* and *P. E. Bonford*, for plaintiffs. *Purvis & Dugué*, for defendant and appellant.

Buchanan, J. This is a suit to remove an executor on two grounds: 1st. That he has not deposited in a chartered bank paying interest on deposits, the funds which have come into his hands as executor, or having so deposited them, that he has withdrawn such funds without an order of court.

2d. That he has suffered more than a year to elapse from the date of his appointment, without rendering an account of his administration.

The defendant, first, excepts that the plaintiffs are without interest to institute this proceeding.

The plaintiffs assert themselves to be descendants of the brothers and sisters of the testator, and, as such, to be his heirs at law.

The evidence offered on the trial of the exception shows that the plaintiffs had instituted suit against the defendant and others, for three-fourths of the succession of *Elisha Crocker ;* and the judicial admissions of defendant, contained in his pleadings in that suit, identify plaintiff, as constituting a portion the *relatives, descendants of deceased sisters,* spoken of in the last will of *Elisha Crocker.* The exception was, therefore, properly overruled.

Upon the merits, it was shown that defendant kept an account in bank as executor. The bank did not pay interest on his deposits it is true. But it is proved that the defendant made inquiries, and was informed that there was no bank in the city paying interest on deposits. Although, therefore, the plaintiffs have proved that several of the chartered banks in New Orleans do pay to certain of their customers interest on deposits under special agreements, yet these appear to be deviations from the general practice of the institutions in question, which were unknown to the defendant and to the officers of the bank in which he kept his account.

The court below has held the defendant liable to the penalty, imposed by the Act of March 13th, 1837, section 3d, reënacted on the 12th March, 1855, (Session Acts, page 78, section 2,) for such sums as the executor withdrew from the bank without an order of court ; and we find no error in that ruling. The cases are numerous in which the penalty has been enforced. Indeed the law is imperative.

Cases might possibly arise, whose peculiar circumstances would form an exception, as for instance, if the administrator held the power of attorney from

the very heirs who claimed to make him liable for the penalty of the statutes in question.

The requirement of both those statutes is no less imperative, that the executor must render a full account of his administration at least once in every twelve months. The defendant qualified as executor on the 12th July, 1854. This suit was brought on the 31st December, 1855, up to which time no account had been rendered. The defendant's counsel argues, that by the 1183d Article of the Civil Code, (which is expressly kept in force by the concluding section of the Act of 1855, page 79,) the executor is only required to render an account *at the instance of the counsel of the absent heirs.* But we do not consider this to be a correct interpretation of the meaning of the Legislator in the Article quoted. The preceding Articles had ordained, that the term of administration was one year; that the duties of administrators ceased, even before the expiration of that time, when the heirs present themselves or send their powers of attorney to claim the succession. Then follows the provision (in the Article quoted) that, *when the heirs do not present themselves or send their powers, &c.,* an account must be rendered at the expiration of the year, *at the instance of the counsel for absent heirs.* This can only be taken as recognizing the authority of the counsel appointed by the court to demand the account, even should he receive no special mandate to that effect from the heirs. In that case he has a mandate derived from the law. But it cannot be supposed that it was intended the neglect of the counsel of absent heirs to compel an account, should have the effect of allowing the administrator to go out of office without rendering any account. Besides, the Article 1183 is found in the chapter of the administration of vacant estates.

The Article 1666 is more directly applicable to testamentary executors; and that Article is without even the apparent qualification which terminates Article 1183. It reads thus :· "He (the executor) must render an account of his administration at the expiration of the year, commencing from the moment in which he had the seizin."

Judgment affirmed, with costs.