## No. 6622.

### SUCCESSION OF FRANÇOIS LACROIX.

An account filed by an administrator, which contains no list, or classification, of creditors, and no statement of the debts of the succession, but a mere marshaling of the proceeds of one asset, and the recognition of but one creditor of the succession, can not be the basis of a valid judgment. Any creditor of the succession, having an interest in the proceeds disposed of by the decree homologating such an account, may appeal from the decree.

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J.

*S. P. Blanc* and *H. G. Morgan,* for city of New Orleans, appellant.

*W. O. Denégre,* for administrator.

*Louque & Fernandez,* for J. Billgery.

#### ON MOTION TO DISMISS.

The opinion of the court was delivered by

DEBLANC, J. The city of New Orleans, through its proper officer, has appealed from a judgment homologating what purports to be "the first provisional account," filed by the administrator of the aforesaid succession.

We are asked to dismiss said appeal on the grounds:

First—That the city is without interest in this matter.

Second—That, as a sale was made of the property belonging to said succession, the presumption is that the taxes bearing thereon have been paid.

Third—That it is not shown that the taxes claimed by the city were recorded before Billgery's mortgage.

The grounds relied upon are untenable; the city's denied interest is asseverated in the mayor's affidavit, and fully established by appellee's evidence. In the act of mortgage from Lacroix to Billgery, there is a declaration that Lacroix was then indebted to the city for the taxes of 1871, 1873, 1874, and, besides, for a judgment of $10,563 45. These claims appear to be secured by privilege and mortgage prior in rank to Billgery's mortgage.

We can not presume that these claims have been paid, as the administrator of said succession has applied to the Second District Court to be

authorized to sell the property thereto belonging, and for the express purpose of paying those claims, and that of Billgery.

The motion to dismiss the appeal is overruled.

## ON THE MERITS.

The opinion of the court was delivered by

DeBLANC, J. On the first of February, 1877, E. T. Parker, public administrator, administering the succession of François Lacroix, filed a petition praying for the publication, approval, and homologation of his provisional tableau which he annexed thereto. The tableau is as follows:

"First Provisional Account—Filed February 1, 1877—Succession of François Lacroix, in account with E. T. Parker, public administrator, and acting administrator of the succession. Provisional tableau of distribution in pursuance of an order of the Honorable the Second District Court for the parish of Orleans, and relating to the mortgage claim of Joseph Billgery only:

### "ASSETS.

" By proceeds of sale of the real estate designated in the advertisement of sale of the seventh July, 1876, as Nos. 8 and 9. No. 8 realized (one-third cash, the balance on one and two years,) $2410; No. 9 (on same terms) $675, which sums have already been received by the administrator.

" On the twenty-second and twenty-third January, 1877, there were sold, in pursuance of an order of the honorable court, the several parcels of real estate set forth in the annexed statement marked Exhibit 'A.'

" The price of adjudication amounts to the sum of $15,540, which is being received by the administrator as the acts of sale are passed and the titles made.

" Special liability proposed to be paid out of the proceeds of sale set forth on the reverse hereof.

" Name of creditor—J. Billgery, by special mortgage of date the first of July, 1875, by act passed before Jules Mossy, Esq., notary, signed by the decedent, F. Lacroix—Amount of claim $5500, to be paid by privilege and mortgage out of the proceeds of real estate set forth on the reverse hereof, the fees of his counsel five per cent thereon, and interest · at eight per cent per annum, from the first of May, 1876, and costs of clerk of the Fifth District Court—$11 55, and $4 sheriff's fees.

" (Signed) E. T. PARKER, Administrator.

·" NOTE.—The several parcels of real estate described on the reverse hereof were seized on executory process, issued by Joseph Billgery in

June, 1876, to enforce the payment of the note above described, interest, attorney's fees, and costs of court.

"By consent of the parties interested, and with the very reasonable expectation that the several parcels of real estate upon which Billgery had a mortgage would realize a larger sum if sold at administrator's sale, and partly for cash and partly on terms of credit, the real estate above described was sold by Placide J. Spear, auctioneer, and with the result as shown in the exhibit.

"(Signed)                              E. T. PARKER, Administrator."

This document, though styled a provisional account, was on the seventeenth of February, 1877, homologated as the final account of E. T. Parker, as administrator of the succession of François Lacroix, and the administrator ordered to distribute the funds of said succession in accordance therewith.

From this decree of homologation the city has appealed. That decree does not conform to either the pleadings, the evidence, or the law.

The document styled "à provisional account" is not in law or in fact, in form or substance, the account due and to be rendered by an administrator. It is, at most, the acknowledgment of one of the debts of the succession, and a statement of the intended payment of that debt. To lessen litigation, we treat it as such.

The city, it is said, has not opposed the account, and can not complain of its homologation. We think otherwise. The paper filed as an account could not be made the basis of a judgment. It mentions none of the privileged claims inseparable from the settlement of a succession, the existence of which we are bound to presume. It ignores the claim of the city for over ten thousand dollars, acknowledged by the administrator, and to pay which he provoked the sale of the property—a claim shown to be, in date and in rank, prior to Billgery's mortgage.

It may be that no expenses were incurred for the last illness, the coffin, the funeral, and the grave ; but there are law charges, which can not be denied. Were they paid, are they due ? If paid, or to be paid, out of what fund ? How, when, and by whom have they been or shall they be satisfied ? Is the succession solvent or insolvent ? If solvent, what is the amount of its assets, and of those assets what has been or may be realized ? If insolvent, what are its liabilities, the extent and character of its liabilities ? What proportions shall be paid to the creditors ? In the account presented there is no list, no classification of debts, no proposed distribution of funds between said creditors.

It is manifest that the judgment which homologates said account may work an irreparable injury to the city, and against the effects of that judgment the city could protect its interest either by an action of nullity or by appeal. That judgment, though erroneous, does exist, may be

complied with or executed. As an account, the paper filed by the administrator has no legal existence. It does not even allow a credit of five hundred dollars paid by the administrator to Billgery on the thirtieth of August, 1876. It is not merely irregular and incorrect; it is absolutely incomplete.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is hereby annulled, avoided, and reversed at costs of appellee.

It is further ordered that the rights of the parties to this suit are specially reserved.