No. 11,106.

MRS. EMMA H. BERTHELOT VS. MRS. JACOB E. FITCH ET AL.

W. D. MAGINNIS, DEFENDANT IN RULE.

The administration of the estate of the husband involves that of the community.
The heir who is the donee of property of the community donated by her father
  may collate it in kind during the life of her mother.
The latter consented to the collation, and claimed her interest in the property
  collated.
The title tendered is legal.

APPEAL from the Civil District Court for the Parish of Orleans.
  King, J.

Henry J. Dart for Plaintiff and Appellee.

W. S. Benedict and Percy S. Benedict for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J.   The plaintiff in this rule was plaintiff in an action
which was instituted May 21, 1890, having for its object the partition
of John Henderson's estate, and the establishment of certain colla-
tions due by Mrs. Anna Lee Henderson, wife of W. D. Maginnis, and
Louise Henderson, wife of Jacob E. Fitch.

The widow of the deceased was a party to the suit, also her chil-
dren, who are the sole heirs at law of the late John Henderson.

A judgment was rendered decreeing a partition of the estate.

Mrs. W. D. Maginnis was ordered to collate in the partition the
immovable property of which the following is a description, viz.:

"A portion of ground with the buildings, etc., thereon, situated in
the Fourth District of this city, in square bounded by Jackson,
Chestnut, Josephine and Coliseum streets, joining the corner of
Jackson and Chestnut streets, and measuring sixty feet front on
Jackson street by one hundred and twenty in depth between par-
allel lines; being the property donated to Mrs. Maginnis by act
before W. J. Castell, N. P., February 8, 1883, registered in the con-
veyance office of this parish in Book 778, folio 134."

" If Mrs. Maginnis elect to collate in kind, the court ordered a sale
." of the property on terms of one-third or more cash, at purchaser's

" option, and the balance in one and two years' credit, at 8 per cent. " interest with usual security clauses."

Mrs. Maginnis elected to collate in kind.

The plaintiff, Mrs. Berthelot, alone appealed from the judgments.

On appeal, no question relating to the collation of this property was raised, either by the appellant or the appellees.

The judgment was affirmed, with modifications, which have no bearing in the matter of the rule at bar.

After the case had been remanded, in compliance with the judgment, the property collated in kind by Mrs. Maginnis was offered for sale at public auction and adjudicated to William D. Maginnis. A deed of sale was tendered to the adjudicatee for his signature. He refused to sign, and declined to accept the deed.

Thereupon plaintiff sued out a rule, calling upon him to show cause why he should not sign the deed, accept the title, and pay the price and interest from the day of sale.

The grounds of refusal to accept the title substantially are :

1. That whatever may have been the jurisdiction of the court to order the sale of the entire property, its authority during the existence of Mrs. Henderson was restricted to one-half, and that as to the other half no collation can take place, it depending upon a condition subsequent—her death.

The proposition is correct, and is supported by Art. 1242 of the Civil Code.

The principle that the collation is to be made by halves to each of their successions, if the donation was made jointly by the father and mother, does not admit of question, and applies as well if the donation be made by the father alone, of property belonging to the community, in which the mother had an equal interest.

But the principle does not apply in this case, and can not be successfully invoked against the validity of the adjudication and of the title tendered.

The husband is the head and master of the community; he administers its effects and disposes of its revenues.

In case of the dissolution of the marriage by his death, the wife's interest in the community is residuary, and she is not the owner of any specific property, before the debts are paid, whether to third persons or to the succession of her husband.

The administration of the husband's succession necessarily in-

volves that of the community. Sanson vs. Ripley, 19 L. 239; Succession of McLean, 12 An. 222; Durham vs. Williams, Tutrix, 35 An. 162.

The settlement of the succession and the community being generally inseparable, the court had the authority to order that property delivered by an heir who elects to collate in kind be sold at public auction in order to determine the interests of the succession in the community assets.

The donation of this property of the community was made by the husband.

The wife did not question his right to donate it to their daughter.

The rule that the wife's interest in the community property is residuary, applies when property is donated in kind.

The collation is an abandonment of all rights under the donation to the succession of the donor and to the community in which the widow surviving has an interest.

If the property had never been donated and had remained as part of the assets of the community, if not divisible in kind, and a sale were advisable to fix the rights of the parties, it would be within the court's authority to sell the entire property.

Where property is returned, as it was in the case at bar, the court has authority to direct its sale to effect a partition.

The second ground argued by the defendant in rule is that in the absence, as he avers, of notice to Mrs. Henderson of the sale of her interest in the community property, the purchaser acquired no title.

The defendant in this respect, labors under a misapprehension.

Widow Henderson was not only a party to the suit in which the judgment ordering the sale was rendered, but she, in addition, expressly consented to the collation; admitted that it was due for the entire property as alleged in plaintiff's petition in that case, and claimed in her answer " the benefit of such collations in so far as she is entitled to same."

In no event, hereafter, can the heirs of widow John Henderson legally claim any part of this property collated. The donee has returned it to the mass of the succession, and it was accepted by all parties concerned. They had the legal right to consent to a sale of this property and to bind the interest of the succession and that of the community in ordering the sale.

The judgment ordering the sale is final and legal and under it a legal title was completed, with the exception of the signature of the vendee to the deed and a compliance of the terms and conditions of the sale to which the vendees have a right.

The judgment appealed from must be amended.

"It orders that said Maginnis do pay the purchase price of said property, thirteen thousand dollars in cash, with 5 per cent. interest thereon from the date of adjudication, the 18th day of June, 1892."

In this respect it is different from the deed tendered and is erroneous.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by adopting the terms and conditions of the deed tendered and of the judgment of partition, to-wit: On terms of one-third or more cash, at purchaser's option, and the balance in one and two years' credit at 8 per cent. from the day of sale.

As amended, the judgment is affirmed at appellee's costs.

The judgment of the District Court is amended to conform with a prior judgment.