## No. 12,785.

F. L. FERNANDEZ VS. MAYOR AND COUNCIL OF NEW ORLEANS.

Plaintiff, holder of certain judgments against the city of New Orleans, attacks certain items of expenditure found on the city budget for 1898 as being illegal, demands that same be stricken therefrom and that his own judgment be placed thereon in their stead, to be paid by preference in full. Exception of no cause of action disclosed, filed to his petition, sustained.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*Chas. Louque* for Plaintiff, Appellant.

*James J. McLoughlin,* Assistant City Attorney, and *Samuel L. Gilmore,* City Attorney, for Defendants, Appellees.

Argued and submitted April 23, 1898.
Opinion handed down May 2, 1898.

The opinion of the court was delivered by

BLANCHARD, J. The plaintiff is a creditor of the city of New Orleans.

He sets forth that in the year 1889 he recovered a judgment against the city for eleven thousand four hundred and forty-eight dollars and seventeen cents, without interest, payable out of the city's revenues for the years 1884 and 1886, which judgment was reduced by partial payments to the sum of five thousand four hundred and fifty-six dollars and fifty-nine cents.

That in 1891 he recovered a second judgment against the city for the sum of four thousand five hundred and forty-three dollars and eighty-six cents, with interest and costs, payable out of the city's revenues for the years 1879, 1881, 1882 and 1884.

That both judgments were duly registered in the office of the comptroller of the city.

That he has a still further claim against the city for six thousand four hundred and twenty-seven dollars, which has been recognized and also registered in the comptroller's office, upon which he has instituted suit in order to obtain an absolute judgment against the city for its payment.

He cites Act No. 30 of 1877 as authority for the contention that his judgments are payable out of the surplus revenues of subsequent years.

He complains that his judgments would have been paid out of the revenues of the years in which the indebtedness was contracted if the City Council had not illegally diverted the funds of such years by paying the running expenses of other years, and specifies certain sums for various years which were, he alleges, so diverted.

He also complains that in addition to the sums so diverted, the city had illegally remitted, in various years mentioned, large amounts due it on interest account.

He avers that because of the diversion of funds aforesaid and because of the remitting of the sums due it for interest as set forth, it is contrary to law, equity and good conscience to restrict him to seeking payment of his judgments out of the funds of the years as decreed in the judgments.

Declaring that no provision has been made by the Council for three years for the payment of judgments, and that it is not the intention of the Council ever to pay the amounts due him, he asserts

the right to now have his judgments considered absolute and unrestricted judgments against the city and placed on the city's budget for this and subsequent years until his claims are satisfied.

Representing that on the budget for 1898 are two items (naming them), aggregating fifty thousand dollars, which are illegal because an attempt to use the revenues of 1898 to pay indebtedness incurred in 1897, he asks that the Council be enjoined from doing this; that the items objected to, aggregating the fifty thousand dollars aforesaid, be stricken from the budget of the current year; and that in lieu of the same, he be placed thereon for the full amount of his judgments, with costs.

This, then, is the object of his suit, *the cause* of the present action.

Defendants meet this with the peremptory exception of no cause of action, which was sustained by the court below and plaintiff prosecutes this appeal.

Appellant cites State *ex rel*, Fernandez vs. City, 45 An. 1390 (a former case of his own, being a *mandamus* proceeding, based on these same judgments, unsuccessfully prosecuted), as sustaining and justifying the relief sought in the present action.

But nothing said in the opinion of the court in that case warrants the contention now made that he is entitled to have his judgments, expressly by their terms made payable out of the revenues of other and earlier years, placed upon the budget of 1898 and paid in full from the revenues of that year to the exclusion of all other judgments and claims against the city. Wadsworth vs. City, 48 An. 888 (bottom of page); United States *ex rel.* Siegel vs. Thoman, 156 U. S. 353.

Conceding *arguendo* that the two items on the budget of 1898, aggregating fifty thousand dollars, objected to as illegally placed there, are there without warrant of right or of law and should be stricken therefrom, and conceding further *arguendo* that plaintiff may be entitled to have his judgments considered as not restricted to the revenues of the years mentioned in them, to the extent of being payable out of the surplus of the revenues of other years under the authorization of Sec. 3 of the Act 30 of 1877, where is the authority for holding that he is entitled to be placed by preference on the budget of 1898, and paid by preference out of the particular fifty thousand dollars appropriation which he attacks as illegal? If that much of the revenues of 1898 may be made by law and act of

the City Council applicable to the payment of the judgment indebtedness of the city, is it not rather to be applied to the payment of the judgments "in the order in which they shall be filed and registered in the office of the Comptroller," as directed by the concluding clause of Sec. 3 of Act No. 5 of 1870—an act cited by plaintiff himself, and the one pursuant to whose direction his judgments were admitted to registry in the Comptroller's office?

It seems to us so, and that when the only relief plaintiff seeks is to get somebody else off the budget of 1898, and to get himself on in their stead, he is well met by the exception that his petition discloses no cause of action.

Judgment affirmed.