(35 South. 479.)

No. 14,645.

Succession of CONERY.

(June 22, 1903.)

ADMINISTRATOR — DISMISSAL — WITHDRAWAL OF FUNDS—FAILURE TO FILE ACCOUNTS—PENALTIES—ACCOUNTING.

1. An administrator will not be dismissed after his final account has been filed, when the dismissal cannot be of any possible benefit to heirs or creditors.

2. The penalty of 20 per cent. will be imposed for failure to comply with article 1150 of the Civil Code. Funds are not to be withdrawn from deposit without an order of court and invested even for account of some of the heirs.

3. The penalty of 10 per cent. for failure to file an annual account will not be imposed when asked for on the opposition of the final account long after the asserted failure to file

the annual account. The remedy was to apply to the court for an order to file an account, and, on failure, to then demand the removal.

4. The administrator will be charged with all funds due on his final account, viz., for rents and amounts collected since his final account was filed. The administrator is liable for failure to collect rents from the grandchildren of the de cujus, who are not called to the inheritance of their grandfather's succession, their father not being dead.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

In the matter of the succession of Edward Conery. Action by Mary H. Conery against William H. Byrnes and others. Edward Conery intervenes. From the judgments the curator of the interdict and the wife of the interdict appeal. Modified.

H. Gibbs Morgan and Omer Villeré, for appellant Mrs. Mary H. Conery. Henry L. Lazarus and Herman Michel, for appellant curator. McCloskey & Benedict and Howe. Spencer & Cocke, for appellee.

BREAUX, J. Mary H. Conery, wife of Edward Conery, Sr., interdict, who alleges that she is attorney in fact and that she is administratrix pro tempore of Edward Conery, Jr., brought this suit for a judgment condemning William H. Byrnes and the sureties on his bond as administrator of the succession of Edward Conery, Sr., to pay 20 per cent. damages on all sums which he may have failed to deposit in bank, or which he may have withdrawn from banks and, in addition, 10 per cent. damages for not having filed an annual account; and also for his dismissal from his trust as administrator.

She sets up that, after having deposited the sum of $14,071 in bank, the administrator withdrew the amount, and used it in his own business, without an order of court, and failed to file an account, and failed to account for amounts collected by him, or for amounts due to the succession which he should have collected.

Defendant joined issue with plaintiff, denying his liability, and averring that there were no grounds for his dismissal from his trust as administrator.

Edward Conery, son of the interdict, was appointed curator of the interdict, and in

that capacity succeeded the administratrix pro tem. before named.

He intervened in the suit, suggesting that Mrs. Mary E. Conery had no standing in court, except as amicus curiæ; that he was the authorized representative of the interdict; that, inasmuch as she had suggested in her petition fraud and mismanagement on the part of the administrator of the succession of Edward Conery, Sr., he deemed that investigation was advisable; that the succession was about to be closed, partition proceedings were pending, the administrator had furnished sufficient bond; that the appointment of another administrator would result in other expenses; that, unless the investigation disclosed downright wrong, such as to expose the heirs to loss, he asked that the administrator be retained, as it would then best serve the interest of the interdict.

After this suit had been filed, the administrator of the succession of Edward Conery, Sr., W. H. Byrnes, filed an account of administration, which was opposed on various grounds.

The learned judge of the district court condemned the administrator to pay rent of premises occupied by him at the rate of $1,200 per annum, dismissed the second ground of opposition for rents of premises occupied by the sons of the interdict, and condemned him to account at the partition for the proceeds of a stated sale, struck from the account $1,982.95 placed thereon to the credit of auctioneers named, and referred these parties to the partition.

The judge a quo, regarding the administrator and his proposed dismissal says that the succession has been closed, all the property has been sold, various accounts have been homologated, including the final account, which he had just homologated. He holds that the withdrawal by the administrator of some $14,000 to buy levee bonds for account of his minor children, his wards, who are the heirs of one-half the estate, was done with good motives; that the administrator returned the amount when he learned of his error. He declined to dismiss the administrator or to inflict the penalty.

From these judgments the curator of the interdict and the wife of the interdict appear before us as having moved for an appeal and as having furnished an appeal bond.

In argument the question whether the curator of the interdict had or had not appealed was raised. On the face of the record the usual proceedings in taking an appeal appear to have been followed. We have no reason to infer that this appeal is not properly before us. The curator represents the interdict, and is responsible for the faithful administration of the interdict's estate.

Passing to the argument pressed upon our attention for the removal of the administrator, we must say that, while it is true that the administrator committed an error in withdrawing funds of the succession of which he was the administrator, that that error is very much minimized by the fact that his own children own one-half the succession. He spoke to an attorney other than his own counsel, who hastily advised him that he could withdraw that amount, and doubtless, without giving the matter much thought, told him he had a right to withdraw the fund.

Some time afterward, by judicial proceedings, when the attention of the administrator was called to the fact that he had no right to make an investment of the fund, he called upon his counsel, and upon the latter's suggestion to return the amount the entire fund was returned to the bank. The error was technical, and not with motive to despoil or take advantage of the estate. The record does not disclose, as to that fund, that there was the least disposition to defraud or mismanage. The administrator was entirely responsible for the amount, and could gain nothing to the detriment of the succession, except the mere use, which he testifies was entirely in the interest of his children whom he represented.

Moreover, the estate is closed. We do not think the settlement now demands the dismissal of the administrator and the appointment of another.

We had a very similar question before us in the Succession of Willis (No. 14,400, docket of this court) 109 La. 281, 33 South. 314.

We, in the interest of all concerned, decline to dismiss the administrator. The reasons which controlled us in that case control us here, and we must therefore dismiss the demand in so far as it is the purpose to

have the administrator dismissed. The curator does not demand the dismissal; on the contrary, he asks that he be retained, in order to avoid costs.

With the pleadings before us, we cannot do less than affirm the decision of the district court in so far as it declines to dismiss the administrator.

The second ground in this connection is that the administrator is liable for the penalty of 20 per cent. on the sum before mentioned for having withdrawn the sum as before stated.

With reference to the 20 per cent. a different question arises. There is no reason why this should not be paid. The withdrawal of the fund, as before mentioned, may have been only a technical error; yet it was error. The representative of the succession, under article 1150, Civ. Code, must be held for such errors. He had not obtained an order of court to withdraw the fund, and did not have the most remote right to invest it in the name of his children. It should have remained untouched where it was. The administrator therefore owes interest at the rate of 20 per cent. from the time he withdrew the funds until they were returned to the bank (to the credit of the succession of Edward Conery, Sr.) from which they had been withdrawn.

We must say that we have not discovered that this administrator sought to commit the least wrong in investing the amount in levee bonds for account of his minors of whom he was the tutor, yet we feel that we must enforce the law in this matter, as the question is directly before us, and can be disposed of in our view only by enforcing the law as written. Succession of Benton, 106 La. 505, 31 South. 123, 59 L. R. A. 135.

Moreover, this court has decided that a merely technical violation was ground for inflicting the penalty.

We pass to the demand for 10 per cent. damages urged on the ground that the administrator did not file an annual account, the views before expressed, having some bearing upon this demand.

The demand is urged only by the administratrix, who is no longer in office. It was pleaded by her in her opposition to the final account. Were we to consider her demand, it would meet with an adverse answer in Congregation of St. Mary v. Farrelly, 34 La. Ann. 533, citing the Succession of Head, 28 La. Ann. 800.

"It was held by this court in one case that the sole remedy of the creditor in such case was to apply to the court for an order to file account, and only on failure to comply with such order, to demand the removal." Id.

In the judgment appealed from the administrator is condemned to account for the sum of $1,200 per annum from and to dates stated in the judgment, for which he is to account on the final partition.

This amount we will decree to be charged against the administrator on his final account, as well as the sum collected in proceedings identified as "provisional seizure and sale proceedings."

The opposition claims rent from the sons of E. Conery, Jr., for about four years, and they should account for said rent. These were the grandsons of the late Edward Conery, Sr., the sons being alive. They had no claim on their grandfather's estate, and owed rent on any property of the succession occupied by them.

The amount is due by the administrator for rent during the time the sons of Edward Conery, Jr., who occupied one of the houses of Ed. Conery, Sr., were tenants and occupied the house. The amount of $25 a month is shown to have been the value of the house when thus occupied by them. The time they occupied the house the testimony fails to show.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by charging the administrator with interest at the rate of 20 per cent. on $14,121 from July 25, 1898, to October 7, 1898.

It is further ordered, adjudged, and decreed that the judgment be also amended by charging the administrator on his final account at the rate of $1,200 per annum for rent of premises occupied by him, No. 1326 St. Andrew street, from February 2, 1897, to March 7, 1902.

It is also ordered, adjudged, and decreed that the account be further amended by charging the administrator at the rate of $25 per month for rent while the sons of Ed. Conery, Jr., occupied a house of the succession of Ed. Conery, Sr., which they failed to pay.

With these amendments the judgment is affirmed, at appellee's costs.

On Application for Rehearing.

(Dec. 14, 1903.)

In the exercise of a legal discretion, the judge of the district court declined to dismiss the administrator.

The demand for his dismissal was not urged by an heir or the representative of an heir. The wife of the interdict, who is one of the heirs, urges this dismissal. The curator of the interdict does not fully join in this demand.

We have thought, and still think, that she has not the standing in court required to enable her to obtain the dismissal.

The demand should have been urged, if at all, by the curator who represents the husband. This position was sustained by the court in the insolvency proceedings.

This court said in Byrnes v. Byrnes, post, p. 403, 35 South. 617:

"The interdict being alive, there being no right in the matter except his, and the curator alone having a standing to litigate for him."

In many respects the situation is the same here.

We must decline to dismiss the administrator, although we think he should pay the penalty on the amount he withdrew from the bank.

The last withdrawal from the bank of amounts by the administrator was on July 25, 1898—$6,000.

In our judgment heretofore we condemned the administrator to pay the penalty from that date.

Upon further examination we have concluded not to take the testimony of witnesses on the subject, but to confine ourselves to the following admission, and to condemn the administrator to pay the penalty thereon:

"It is admitted that the stub of the checkbook of Mr. W. H. Byrnes, the administrator herein, shows that on June 2, 1897, a check was drawn to his own order from the funds of the estate for $3,700; that on the 20th of January, 1898, a check was drawn to the order of W. H. Byrnes for $3,150; on the 4th of March, 1898, another check to the order of W. H. Byrnes for $221; and that on the 25th of July, 1898, another check was drawn to the order of W. H. Byrnes for $6,000—making a total of $14,071; that on the 24th of July, 1898, the said W. H. Byrnes, drew from said funds $1,000—that is what makes the total of $14,071."

These amounts respectively shall bear interest at rate 20 per cent., allowed from the dates set forth in said admission, instead of from the dates heretofore laid down by us.

This interest shall be paid to October 7, 1898.

We can conceive of no good reason for granting a rehearing in this cause. The facts are plainly understood, and further argument would throw no further light upon the subject.

Our decree is amended by allowing the interest (penalty) as on the respective amounts at respective dates before stated in the admission, which is made part of this decree, to fix the amount bearing interest (or penalty), and date from which interest shall begin. This interest shall run to October 7, 1898 (at date before mentioned).

With this amendment the rehearing is refused.