No. 3053

Second Circuit

---

## SUCCESSION OF CROUCH
## OPPOSITION OF CROUCH

---

(December 12, 1927. Opinion and Decree.)
(February 3, 1928. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Marriage—Par. 141.**
Where the wife is named beneficiary for a soldier's bonus or insurance claim, this fund is her separate property.

2. **Louisiana Digest—Executors and Administrators—Par. 338.**
An administration of deceased husband's estate properly included the community property; and where the wife's separate property was also erroneously administrated, the administrator should be made to account for these funds also.

3. **Louisiana Digest—Executors and Administrators—Par. 146, 156.**
Under Act 207 of 1906 as amended by Act 11 of 1916 where administrator of an estate does not bring suit within twelve months following the death of the party nor have the account filed within twelve months, parol evidence is not admissible to prove it, unless statute is complied with by evidence of at least one credible witness of good moral character besides the plaintiff.

4. **Louisiana Digest—Executors and Administrators—Par. 92, 93, 347.**
Under Civil Code Article 1150 an administrator who fails to deposit funds in any bank in his official capacity as administrator is liable to pay 20 per cent per annum interest on those sums.

5. **Louisiana Digest—Executors and Administrators—Par. 328.**
The costs of a rule filed against administrator to make him file final account should not be taxed against the administrator personally where no judgment taxing costs was made at the time that the rule was discharged when administrator filed his final account.

6. **Louisiana Digest—Executors and Administrators—Par. 328.**
The costs of an opposition against an administrator's account in which, although some items were sustained, the administrator was not personally interested in them, the administration being conducted in the usual manner, should not be charged against the administrator personally.

7. **Louisiana Digest—Executors and Administrators—Par. 367.**
An administrator's fees are fixed on the value of the property actually administered.

8. **Louisiana Digest—Executors and Administrators—Par. 138.**
The Court cannot allow more for attorney's fee than that claimed by attorney and placed on the account of administrator.

Appeal from the Seventh Judicial District Court, Parish of Concordia. Hon. R. M. Taliaferro, Judge.

Action by Hardy B. Crouch against Mrs. Mary Edith Crouch.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Hugh Tullis, of Vidalia, attorney for opponent, appellee.

G. P. Bullis, of Vidalia, attorney for defendant, appellant.

WEBB, J. H. B. Crouch died intestate on September 25, 1925, at his residence in the Parish of Concordia, leaving a widow and two minor children and an estate consisting of separate and community property and owing some debts.

J. L. Calhoun, a brother-in-law of decedent, who was closely associated with deceased and his family, with the knowledge and consent of the widow, Mrs. M. E. Crouch, was appointed administrator of the succession, and this action arises out of an opposition filed by Mrs. Crouch, individually and as tutrix of the minors, to a purported final account, tableau of debts and plan of distribution filed by the administrator.

In the opposition Mrs. Crouch alleged that the administrator had administered property as the property of the succession which was her separate estate for which the succession should account to her individually, and she opposed each and every item shown on the account, especially alleging that an indebtedness shown on the account as due to the administrator was excessive and that the commissions allowed the administrator were in excess of those provided by law; and she further charged that the administrator had failed to deposit the funds coming into his hands as required by law, and that he had been forced to file the account and should be personally condemned to pay 20 per cent per annum interest on the sums coming into his hands and which he had failed to deposit, as well as the costs of filing the account, and the cost of the opposition.

Trial was had on the opposition without objection, and it was developed that the administration had been initiated in such manner as to involve only the separate property of the decedent and an undivided one-half interest in the community property, that is, in making the inventory, the separate property and an undivided half of the community property was listed and appraised, while the surviving spouse, Mrs. Crouch, was recognized as having a present vested interest in the other half of the community property without regard to the administration and community debts; and the Court, after hearing the evidence, recast the account so as to bring the whole of the community property under the account and to subject the whole to the payment of the debts of the community and cost of administration, and based his judgment on the account, as recast, and condemned the administrator to pay 20 per cent per annum interest on the money which had come into his hands, and also to pay the cost of the rule in answer to which the account had been filed, and all costs of the opposition.

The administrator appealed, and urges that the Court erred on the points which we state and consider as follows:

1. That the Court erred in holding a fund of six hundred dollars, shown on the inventory and account as the property of the deceased, was the separate property of Mrs. Crouch and in ordering the administrator to account to her for the fund.

The evidence established that the fund was one-half of an amount which had

been paid by the Veterans' Bureau to Mrs. Crouch for a soldier's bonus or insurance claim under which Mrs. Crouch was named as the beneficiary, and that following the course adopted for the administration, and the administrator and Mrs. Crouch conceiving that the amount paid Mrs. Crouch fell into the community, one-half of same was delivered to the administrator and the other half retained by Mrs. Crouch.

Considering that Mrs. Crouch was the beneficiary and that the fund was paid to her as such, by the Veterans' Bureau, it was her separate property (Pilcher vs. N. Y. Life Ins. Co., 33 La. An. 324; Kelly vs. Kelly, 131 La. 1024, 60 So. 671; Louisiana Digest, Marriage, Chap. VII, No. 141) and it not appearing that any action was taken by the administrator with reference to the fund delivered to him, which should estop Mrs. Crouch from claiming the fund as her separate property, we are of the opinion that the ruling of the Court was correct. (Cordill vs. McCullough, 20 La. Ann. 174; Succn. of Quin, 30 La Ann. 947.)

2. That the Court erred in charging the administrator with the sum of four hundred twenty-eight and 70-100 dollars, an amount shown by the evidence to have been collected by the administrator from the Veterans' Bureau, instead of one-half of such amount, or one-half of such amount as shown by the administrator's account.

The evidence establishes that the above amount was collected by the administrator, and while he contends that one-half of the amount was paid over to Mrs. Crouch as her interest therein, Mrs. Crouch denies having received any such sum.

The administration properly conducted included the community property (Durham vs. Williams, 32 La. Ann. 162; Oriol vs. Herndon, 38 La. Ann. 759; Berthelot vs. Fitch, 45 La. Ann. 389; Succession of Fernandez, 50 La. Ann. 564, 23 So. 611; Succession of McLean, 12 La. Ann. 222; Lawson vs. Ripley, 17 La. 239) and though the widow, who appears individually and as tutrix to the minors had acquiesced in the error under which the administration was initiated and apparently attempted to be carried on, yet the Court was considering an accounting by the administrator and not any dispute as between the administrator and Mrs. Crouch, to whom the administrator may have illegally delivered the property of the succession, and we think that the administrator was properly ordered to account for the funds admitted to have come into his hands, and we find that the ruling of the Court· was correct.

3. That the Court erred· in reducing the claim of the administrator against the succession from twelve hundred fifty-two and 74-100 dollars to eight hundred seventy-eight and 84-100 dollars.

On the final account the administrator set forth his claim as follows:

"TABLEAU OF DISTRIBUTION

"To J. L. Calhoun, for account filed for expenses of last illness, etc., $1252.74."

And on the trial it was admitted that the expenses of last illness amounted to only eight hundred seventy-four and 84-100 dollars, and that such amount had been paid by the administrator, and the administrator offered to prove by parol evidence that the balance of the indebtedness claimed, or three hundred seventy-

three and 90-100 dollars, arose from obligations not having any connection whatever with the expenses of decedent's last illness, and on objection being made to parol proof it was sustained.

The statute, Act No. 207 of 1906, as amended and re-enacted by Act No. 11 of 1916, reads:

"Section 1. Be it enacted by the legislature of Louisiana, That parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if suit upon the asserted indebtedness or liability shall have been brought more than twelve (12) months after the death of the deceased.
"Section 2. That parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted debt or liability shall have been brought within a delay of twelve (12) months after the death of the deceased, unless it consists of the testimony of at least one credible witness of good moral character, besides the plaintiff; or unless it be to corroborate a written acknowledgment or a promise to pay, signed by the debtor."

There was not any suit brought by the administrator within a period of twelve months following the death of H. B. Crouch, and under the literal terms of the statute parol evidence was not admissible. (See Succession of Manion, 148 La. 98, 86 So. 667.) But conceding without deciding that the action of the administrator in placing himself on the final account as a creditor without specifying the nature of the indebtedness due, should be considered as the equivalent of a suit or as having interrupted prescription, the account was not filed until November 18, 1926, or more than twelve months after the death of the person against whom the claim was urged, and we are

of the opinion that the objection was properly sustained and the claim reduced to eight hundred seventy-eight and 84-100 dollars.

4. That the Court erred in condemning the administrator to pay 20 per cent per annum interest on the sums which he had received as administrator and which he failed to deposit as required by Article 1150 of the Civil Code.

The evidence establishes that the administrator received two hundred seven and 90-100 dollars belonging to the succession on December 9, 1925, and two hundred fourteen and 35-100 dollars on June 22, 1926, and that he did not deposit such funds in any bank in his official capacity of administrator, and we think that the Court properly condemned him to pay 20 per cent interest on such sums from the date he received same. (Conery vs. Creditors, 113 La. 420, 37 So. 14; In re Dimmick's Estate, 111 La. 655, 35 So. 801; Succession of Conery, 111 La. 113, 35 So. 479.)

5. That the Court erred in rendering judgment against the administrator personally for the cost of the rule filed against him to show cause why he should not be ordered to file an account.

The plaintiff in the rule urged various grounds why the administrator should file a final account, some of which, if established would have been sufficient to dismiss him from his trust. However, on the account being filed the rule was discharged and in default of a judgment taxing the cost of the rule when it was discharged, we think the cost should

be borne by the plaintiff in rule, especially when it does not appear that a year had elapsed since the administrator was appointed or that any demand had been made on him to account; and it appears that some of the claims due the succession had not been collected.

6. That the Court erred in rendering judgment against the administrator personally for the cost incident to the opposition.

The opponents disputed each and every item on the account, and while the opposition was sustained as to some of the items on the account, in which the administrator was personally interested, the evidence does not indicate that the items in which he was personally interested were fictitious or that he sought to take any advantage by reason of his official position; and while the account shows the administration was conducted in an unusual manner, the opponent, Mrs. Crouch, was aware of and acquiesced in the method adopted, and we do not think that the administrator should be personally condemned to pay the cost of the opposition.

7. That the Court erred in reducing the commission claimed by the administrator.

The Court fixed the administrator's fees on the value of the property actually administered; and from our review of the record it is substantially correct, although if the administrator had administered the entire community property instead of one-half, as he undertook to do, the commission would have been as much as he claimed. (See Succession of Sparrow, 40 La. Ann. 484, 4 So. 513; Succession of Fontelieu, 28 La. Ann. 638; Succession of Butterly, 10 La. Ann. 258) and we approve the finding of the Court.

8. That the Court erred in fixing the attorney's fees at fifty dollars.

The attorney's fees placed on the account was only fifty dollars, and we do not think the Court could allow more than was claimed.

While the administrator carried on his account an item for court costs (we presume cost of inventory, etc.) he did not attempt to prove same, and the judgment of the Court made an allowance for the proof of such claim, and as there was not any objection urged to such proceeding, we shall not amend the judgment in that respect, although it was the duty of the administrator to file and prove an account on which a final judgment could be rendered, the administration closed, and the property and funds of the succession, after payment of the debts, delivered to the widow and heirs.

For the reasons assigned, it is ordered that the judgment appealed from be amended so as to reject the opponent's demand to cast the cost of the rule to show cause and cost of the opposition against the administrator personally, and that the judgment appealed from, as thus amended, be affirmed; the cost of the appeal to be borne by the succession; and the cause is remanded for further proceedings in accordance with the decree of the District Court, as amended herein.