ROGERS, Justice.
 

 The record in this case, which is brought here on certiorari, discloses the following facts, viz.:
 

 Mary Washington died testate in the city of New Orleans on April 11, 1934, and on July 18, 1934, James Washington, a son of the decedent, qualified as testamentary executor. On July 26, 1935, Stella Washington, wife of Joseph Braquet, a daughter of the decedent, filed a rule against the executor, James Washington, to show cause why he should not be removed from office, on the ground that He had permitted a year to elapse without performing any act of administration and without filing an account and had failed to pay the state and municipal taxes due for the years 1933, 1934, and 1935 on the real estate of the succession.
 

 On the day fixed in the rule, the respondent executor appealed in court, and, without objecting to the form of the proceeding, made a verbal return, after which the matter in dispute was regularly heard on its merits. At the conclusion of the hearing, the trial judge made the rule absolute and dismissed the executor. A motion for a new trial was filed, heard, and denied. Thereafter, the executor applied to this court for writs of certiorari and prohibition.
 

 The relator, James Washington, contends that the respondent judge erred in dismissing him from his trust in a summary proceeding heard during the court’s vacation, when he had never disobeyed an order of court directing him to file an account.
 

 Relator’s first two contentions are untenable. It is wholly competent for parties to waive rights and forms when not prohibited by law. Civ. Code, art. 11. Without excepting to the summary character of the proceeding or objecting to a trial out of term time, relator joined issue on the merits of the rule nisi. We think this constituted a waiver by relator of his right to objfect to the form and the time of trial of the proceeding. The objections urged for the first time in the motion for a new trial were ineffectual to raise questions which should have been raised in limine. Leboeuf v. Merle, 1 La. Ann. 144; Quertier & Co. v. Hille, 18 La. Ann. 65; In re Byland’s Heirs, 38 La. Ann. 756; Genella v. McMurray, 49 La. Ann. 988, 22 So. 198; Hankins v. Police Jury, 152 La. 1000, 95 So. 102; Succession of
 
 *541
 
 Kranz, 162 La. 546, 110 So. 750; Succession of Williams, 168 La. 1, 121 So. 171.
 

 However, relator’s third and last contention is -well-founded. Although other grounds were alleged for relator’s removal as testamentary executor, the only ground for his removal urged in the court below was relator’s failure to file an annual account. This clearly appears from the notes of evidence and rulings by the court contained in the record. Relator’s attorney took the stand in his behalf, gave the reason why the account had not been filed, and stated that relator was at that instant prepared to file his account. But the trial judge held that the reasons given for relator’s failure to file an account were not satisfactory, and accordingly ordered his dismissal from his trust.
 

 It is true that a testamentary executor is required to render an annual account of his administration, under penalty of dismissal from his office. Civ. Code, art. 1674; Rev. St. § 1465. It is also true that in the case of Reed v. Crocker, 12 La. Ann. 445 the court held the statute is imperative and removed an executor who had failed to file an account within twelve months from the date of his appointment. And that in the case of Ford v. Kittredge, 26 La. Ann. 190, the court removed an administratrix who had not filed an account of her administration within a year.
 

 On the other .hand, the court has held that the mere failure of an executor or administrator to file his annual account is no ground for his removal from his trust. That the sole remedy of a creditor or other interested person in such a case is to apply to the court for an order to compel the executor or administrator to file an account, and only on his failure to comply with such an order to demand the removal. Succession of Head, 28 La. Ann. 800; Congregation of St. Mary v. Farrelly, 34 La. Ann. 533; Succession of Benton, 106 La. 494, 504, 31 So. 123, 59 L. R. A. 135; Succession of Conery, 111 La. 113, 35 So. 479; In re Dimmick’s Estate, 111 La. 655, 672, 35 So. 801; Succession of Bertrand, 127 La. 857, 54 So. 127. We regard the rule announced by these decisions as controlling. Inasmuch as relator has not disobeyed an order of court directing him to file an account, he should not be mulcted with the penalty of dismissal from his trust.
 

 For the reasons assigned, the judgment. under review is annulled, and it is now ordered that the rule taken by Stella Washington, wife of Joseph Braquet, in the Succession of Mary Carroll, widow of Richard Washington, for the removal of James Washington from his office of testamentary executor, be dismissed at mover’s costs.