179 So. 440

**Succession of D'HEBECOURT.**

No. 34595.

Feb. 7, 1938.

Rehearing Denied March 7, 1938.

Pierre D. Olivier, of New Orleans, for appellants Samuel B. Stewart and others.

Charles J. Rivet, of New Orleans, for appellees J. C. and T. A. Jung.

Louis E. Jung, of New Orleans, for other appellees.

PONDER, Justice.

This is an appeal from a judgment rejecting a provisional account.

Mrs. Marie Azelie Le Dossu D'Hebecourt, widow of Louis A. Jung, died February 11, 1936, leaving a last will and testament. Samuel B. Stewart was named in the will as the testamentary executor with full seizen and without bond. Louis E. Jung, the grandson of the testatrix, was designated in the will as attorney for the executor. The will was duly probated, and an inventory and appraisement was made showing the assets of the succession to be $43,162.59. Samuel B. Stewart was duly qualified as executor. On December 15, 1936, the executor presented to the lower court what purported to be a provisional account and prayed for authorization to pay the debts and charges listed therein. On December 28, 1936, J. C. and T. A. Jung, forced heirs, filed an opposition to the account on the ground that it was not full and complete; that it did not truly and fully set forth all of the assets in the possession of, or within the control of, the testamentary executor; that the liabilities listed for payment were not due by the succession, or, if so, should not be paid at this time, with the exception of the notarial and appraiser's fees; and opposed each and every other item on the account. The account was homologated on December 29, 1936. On January 19, 1937, Mrs. Ernest J. Develle, Mrs. Marx R. Sonnier, and Louis E. Jung, forced heirs, filed an opposition to the account joining the opposition previously filed by the other forced heirs. On May 10, 1937, the case was tried on the merits. The court rendered judgment on June 2, 1937, rejecting the account in toto and vacating the order of homologation. A new trial was applied for and granted by the court. The lower court adhered to its original views and rendered judgment rejecting the account and vacating the homologation. From the judgment, the executor prosecutes this appeal.

Upon examination of the account, we find that it lists the assets as being only $11,888.11, being an amount considerably less than that shown by the inventory. The assets listed showed the sum of $250.63 in cash, certain shares of stocks, a diamond bar pin, and an electric and gas deposit. All the assets are not listed in the account that were listed in the inventory. We find no explanation in the account stating why the other assets were not listed. We find listed in the liabilities an item in favor of the executor for $2,142.21 with only this explanation, "Balance due for money loaned and interest to January 1, 1937, represented by an acknowledgement of debt executed by the deceased, dated as of December 31, 1934," another item to Samuel B. Stewart, testamentary executor, 2½ per cent. commission of appraised value of inventory, $1,079.06, and another item for services rendered testamentary executor, in Re Develle v. Stewart, No. ——, Civil District Court, Division "D," to date —$1,000. We also find an item listed to an attorney other than the one designated in the will for the sum of $200, with no explanation.

There is no contention that this account is a final account. Therefore the account would have to come under the provisions of article 1674 of the Revised Civil Code, which reads:

"The testamentary executor is bound to render an annual account of his administra-

tion, reckoning from the day of his appointment."

The account contemplated under this provision of law is a full, true, and complete account of all the assets, liabilities, and the administration of same. This court has held to that effect in the cases of Reed v. Crocker, 12 La.Ann. 445; Succession of Lacroix, 29 La.Ann. 366; and Succession of Aronson, 168 La. 887, 123 So. 608, 610. In the case of the Succession of Aronson, supra, this court laid down the doctrine that:

"An administrator's account which does not specify the debts and fully set forth all facts dealing with assets and liabilities is not a true account, and cannot be homologated as such."

For the reasons assigned, the judgment is affirmed at appellants' cost.