No. 10,019.

THE STATE OF LOUISIANA VS. LEWIS C. GARIBALDI.

A city, under the power to regulate markets, may adopt such regulations as are necessary for the preservation of public health and conducive to the public interest.

But one who complies with all the requirements of the ordinances of the council of a police and sanitary character can not be required to produce the written consent of a majority of the property owners within 600 feet of the place selected to open a private market.

The State government may delegate to a municipal corporation part of its own powers. These powers can not be delegated or vicariously exercised unless the authority to delegate is specially granted by the Legislature, nor can the municipal corporation divest itself of the discretion vested by the statute.

A PPEAL from the Second Recorder's Court for the Parish of Orleans. *Aucoin, J.*

*Branch K. Miller* for Plaintiff and Appellee:

Ordinances which provide that it shall be unlawful for any one to set up or establish a private market without permission of the City Council, granted on a written petition, accompanied by the written consent of the property owners of the vicinity, which provides also that the building in which the private market is conducted shall be properly flagged and ventilated, shall have a superficial area of 10x15 feet, shall be 16 feet high, and the sides of which shall be 10 feet from any dwelling house, are constitutional and legal.

When an ordinance is passed under express legislative authority, there is no power in the courts to examine the question of its reasonableness; it is only where an ordinance is passed under a general or implied power that the question of reasonableness *vel non* is subject to judicial review. 11 Am. and Eng. Corp. Cases, 424; 60 Cal. 82; 12 Minn. 49; 29 Ill. 317.

*W. J. Waguespack* and *Jos. F. Poché* for Defendant and Appellant:

1. It is a breach of the Fourteenth Amendment to the Constitution of the United States to empower any man or body of men, at his or their absolute and unrestrained discretion, to give or withhold permission to carry on a lawful business in any place whereby unjust and illegal discrimination is made possible. Yick Wo vs. Hopkins, 118 U. S. 356; 6 Sup. Ct. Rep. 1069; State vs. Mahner, 43 An. 496; 9 South. Rep. 480; City of Baltimore vs. Radecke, 49 Md. 217.

2. Under the terms of Act 116 of 1888, the City Council can vest neither themselves nor the property owners within 600 feet of private markets with the arbitrary power to prohibit private markets in the populous districts of the city of New Orleans, nor have they the right to create a monopoly. Acts 1888, No. 116; Const. of La., Art. 258.

3. The City Council can not, under pretext of regulating, pass ordinances which are unreasonable, vexatious, oppressive, in restraint of trade or *ultra vires.* 14 Eng. and Am. Ency. of Law, 462; 16 Pick. 121, 125; 33 Ill. 416; 29 Ill. 317; 46 Ill. 489; 45 N. J. L. 310; 7 Paige, 261.

4. Whether an ordinance be or not reasonable is a question of law for the court. Dillon's Mun. Corp., pp. 312, 396, 404, Sec. 327; Angell and Ames on Corp., Sec. 357; 15 Pick. 121; 26 N. J. 298.

5. An ordinance which requires the building in which a private market is to be kept to have a ceiling 16 feet high, to be flagged, to be 10x15 feet in superficial area, and both sides thereof to stand at a distance of 10 feet from any dwelling, is unreasonable and vexatious, in restraint of trade and *ultra vires,* and under the guise of regulating, in reality prohibits private markets.

6. The defendant's private market having been established on the faith of Ordinance 4145, C. S., and being not a nuisance *per se,* can not be destroyed by the subsequent passage of Ordinances 5748 and 5798. C. S. Am. and Eng. Ency. of Law, Vol. 15, p. 1179; Barthet vs. New Orleans, 24 Fed. Rep. 563; 14 Mich. 41.

The opinion of the court was delivered by

BREAUX, J.　The law-making power having authorized the City Council of New Orleans to pass such ordinances for the government and regulation of private markets, as they may in their discretion deem proper, and having vested them with authority for their enforcement subject to certain limitations.　The City Council adopted Ordinance 5748, C. S., amending Ordinance 5798, prohibiting the establishment of a private market for the sale of meat or other comestibles, except fruits, without permission previously obtained on a petition, with the written consent of a majority of the property owners, within six hundred (600) feet of the place selected to open a private market, and further prohibiting said market, unless the building has proper flagging and ventilation, and measures not less than ten (10) by fifteen (15) feet in area, and sixteen feet in height, and with no dwelling on either side nearer than ten feet.

From the sentence and judgment finding him guilty of having violated the said ordinances and condemning him to pay a fine of $10 defendant appeals.

The following are the agreed facts:

The defendant carries on a private market, in a building measuring twenty feet in width by thirty feet in depth, having three openings in front eleven feet in height by four in width, and two doors in the rear, ten feet high by three and one-half feet wide, opening on a yard forty feet in depth.

The floor of the building is of wood.

It is a three-story building, fifty-five feet in height, the lower ceiling being eleven feet from the floor; it is one of a continuous row of buildings, with ceilings about the same height, separated by a single wall between each tenement.

On one side of the private market is a boarding house, nearer than ten feet, and on the other a warehouse in which goods are stored.

It is in a populous district of the city.

The defendant has paid his license.

It is further admitted that he has complied with the ordinances

relative to private markets preceding those under which he is prosecuted, and that he established his said private market long prior to the adoption of the said ordinances.

Testimony was admitted to prove that wooden flooring is preferable, as being more healthy to stand on, than on flagging. It was shown that slats or planks are used to stand on, on flagged floors.

The plaintiff controverted this testimony and examined witnesses, who testified with some particularity, with reference to the unhealthiness of wooden floors and their inferiority in many respects to pavement in a market house.

The defendant's plea in bar, filed preliminarily, was overruled, in which he urged that the ordinance under which the prosecution was instituted confers arbitrary power on certain property owners to give or withhold their consent, and is an unjust discrimination, a monopoly and a grant of exclusive privilege in violation of the Constitution of the United States and of this State.

That they are prohibitive, and favorable to the lessees of the stalls in the public markets.

That the ordinances themselves violate the act of the Legislature, No. 116 of 1888, authorizing the government and regulation of private markets. That to compel him to carry on his private market in a building with paved floor, with the dimensions required by the ordinance, is unreasonable and oppressive, *ultra vires*.

That his private market was authorized by Ordinance No. 145, and his rights as the keeper of a private market can not be affected by subsequent ordinances.

The Legislature has often delegated authority to municipal corporations to impose restraint upon the vending of fresh meat and vegetables.

It has frequently been the cause of litigation, but it has generally been held to be reasonable.

With reference to private markets, the power to prohibit their establishment within a certain number of squares of the public markets was ably opposed in the courts. It is now settled that there was no ground of complaint of the violation of a private right.

The right of the sovereign to exercise the police power to maintain the cleanliness and salubrity of a city does not admit of question.

Markets require restraint to prevent their becoming injurious to the public.

State vs. Garibaldi.

All regulations requiring ventilation of the building in which markets are opened; about laying of floors, and ordering that reasonable space be provided between the buildings, adopted in the interest of public health, are unobjectionable—if not arbitrary, and if they do not discriminate against private rights.

If, however, the defendant were to comply with all the regulations emanating from the Council relating to private markets, to which we have just referred, he would still have to present a petition to the Council, with the written consent of a majority of the property owners within 600 feet of the places elected to open a market; otherwise it would not be possible for him to continue his business.

The consent of certain property owners is made an absolute condition to granting the right.

The Council's discretion in governing and regulating private markets does not authorize them to confer the right on the majority of these property owners to determine whether a proposed market shall be opened.

The special law under which the ordinances were adopted provides that the Council shall not prohibit private markets within the populous districts of the city.

It may be that the property owners will refuse their signatures, without sufficient cause, and thereby prevent the establishment of a private market despite the rights guaranteed under the terms of the statute.

Certain police power is vested in the Council to make, ordain and establish all manner of wholesome and reasonable ordinances not repugnant to the Constitution, as they shall judge to be for the good and welfare of the public.

The responsibility is with them, and the authority can not be delegated to a majority of property owners of a locality.

"Nor can this power be delegated to private citizens." A. and E. Enc. of Law, Vol. 15, p. I004.

The City Council are the trustees appointed to [legislate and administer in their representative capacity, and can not divest themselves of their responsibility by requiring that the consent of property owners be obtained to open a legitimate business. Cooley Const. Limitations, p. 249.

The legislature in the act of incorporation has not conferred upon the council the power of delegation in the manner proposed.

The representative system is a substantive and valuable institution in organized politics. It must maintain its protecting authority against unjust discrimination and arbitrary action.

The legislative powers delegated are regarded as trusts and are not subject to be delegated by those to whom it is confided. American and English Ency., p. 1043, Vol. 15.

"An ordinance of a municipal corporation which violates any of the recognized principles of legal and equal rights is necessarily void so far as it does so." State vs. Mahned et al., 43 An. 496.

One of the conditions imposed being illegal the plaintiff can not maintain its judgment.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and the suit of the city against the defendant be dismissed, with costs of both courts.