LAND, J.
In February, 1903, George A.Has-singer, claiming to be a creditor of the insolvent estate in an amount exceeding $100,000, sued out a rule against William H. Byrnes, syndic, to compel him to deposit in the reg *421 istry of the court, or in one of the chartered banks of this state, the sum of $12,380.9i in his hands, as shown by his provisional account filed March 2, 1898, to remove him from office, and to condemn him to pay the statutory penalty of 20 per cent, interest per annum on said amount of funds not deposited as required by law.
The rule was put at issue, tried, and made absolute to the extent of removing said syndic, and condemning him to pay 10 per cent, per annum penalty on $11,516.47 from March 2, 1898, and ordering him to deposit the same in a certain bank. The syndic has appealed.
The account filed by the syndic on March 2, 1898, and duly homologated, showed a balance of $12,380.91 for ordinary creditors. The account had the following addendum:
“Note. No distribution will be made to ordinary creditors until the full liquidation of other rights and property of the insolvent can be made, and his interest in succession of E. Conery, Sr., is determined. All creditors on the schedule of the insolvent are recognized by the syndic as entitled to share in such distribution, except such as may have been paid, and to the extent set forth herein.”
Subsequently to the filing of the account, the sum of $864.44 was paid out of said balance by order of court, leaving a residue of $11;516.47, no part of which was deposited, as required by law, until after service of the rule herein in February, 1903.
The Civil Code and the Revised Statutes of 1870 require the deposit of all moneys collected by syndics, as soon as the same shall come into their hands, in one of the chartered banks of this state, or in one of their branches, allowing interest on deposits, if there be one in the parish. The prescribed penalty is 20 per cent, interest per annum on the amount not deposited, or withdrawn without authority, and removal from office. Civ. Code, art. 1150; Rev. St. 1870, § 1820.
On January 20, 1898, the real estate belonging to the insolvent was sold by the syndic under order of court for the total price of $100,555, payable one-third cash, and the balance in one and two years, with 6 per cent, interest The syndic, in his provisional account filed March 2, 1898, charges himself with the total price as cash, leaving “a balance for ordinary creditors” amounting to $12,380.91. It appears from his own testimony that prior to filing said account he had discounted the mortgage notes of Steinbach, amounting .to $26,000, and placed the proceeds in bank to his credit as syndic. It is to be presumed that he disposed of all the other purchase notes, as he charged himself with the total proceeds of sale without reservation. The syndic’s defense in the court below seems to have been that the purchase by Steinbach, his brother-in-law, was a purchase for his (the syndic’s) children, who, as heirs of E. Conery, Sr., were creditors of the insolvent, and would be entitled to dividends, hence the syndic and father did not exact the cash portion of the adjudication to Steinbach, amounting to $10,355.33%, but let Steinbach or his children retain it. He further testified that the mortgage notes of Steinbach, which he had discounted, were still outstanding.
The syndic, in the authentic acts of sale made by him to said purchaser, acknowledged the receipt of the cash portion of the price as “paid in ready current money.”
The syndic, in his account, which he swore was “true and correct,” charged himself with the total proceeds of sale, including cash and notes. On the trial of the oppositions to the said account, he testified that the item of the proceeds of sale of real estate was correct.
That account was approved and homologated by judgment of court rendered on April 29, 1898, and signed on May 5, 1898, and that judgment concludes the syndic and creditors of the insolvent as to the sales, distribution of the proceeds, and all items on the account. Coiron v. Millaudon, 3 La. Ann. 664; Durnford Succession, 1 La. Ann. 92; Peytavin Succession, 10 Rob. 118; White v. Lobre, 7 *423 Mart. (N. S.) 565; Robin’s Widow v. His Executors, 5 Mart. (O. S.) 515.
The syndic charged himself with the notes as cash, and on that assumption the distribution was decreed. He cannot now be heard to question the receipt of the cash portion of the price, and to urge as a defense that he was guilty of misfeasance in office.
While it is strenuously argued that the creditors of the insolvent, who assigned their claims to plaintiff in rule, acquiesced in the conduct of the syndic, there is no evidence to sustain this contention. The creditors acquiesced in the nondistribution of the fund for the time being, but there is nothing to show that they acquiesced in the noncollection of the money, or its nondeposit as required by law, and there was no offer to prove such specific acquiescence.
On the contrary, the syndic represented to the court and to the creditors that he had the money on hand for distribution, and he does not testify that a single creditor knew that he had failed to deposit the money in bank as required by the statute. Without this knowledge there could be no acquiescence.
We are of opinion that the judgment of the district court is correct as far as it goes, but we are asked by appellee to increase the penalty to 20 per cent.
The law applicable to cases of this kind was recently considered and enunciated by this court in the cause of In re Dimmick’s Estate et al., 111 La. Ann. 655, 35 South. 801.
We held that the statute is mandatory, and should be strictly enforced in all cases coming clearly within its intendment.
It is our province to declare and enforce the law. We have no power to change or modify the provisions of the Code or statutes or exercise discretion where the lawmaker has expressed the legislative intent in clear and unambiguous terms.
The penalty is severe, and was made so intentionally to deter fiduciary officials from using or misapplying trust funds, and to insure their deposit in some chartered bank of the state paying interest on deposits. Creditors and beneficiaries of estates are vitally interested in the enforcement of the provisions of the statute. Ignorance of law is no excuse, especially where the syndic had,, at the cost of the estate, competent counsel to advise him as to his duties in the premises.
Whether plaintiff in rule is the owner for value of the claims transferred to him by the banks does not concern the syndic, as long as he has no defense against the transferrors.
Plaintiff in rule was recognized by order of court as the owner of said claims by virtue of sale, transfer, and subrogation.
The judgment appealed from is therefore amended by increasing the amount of the penalty from 10 per cent, to 20 per cent., and, as thus amended, said judgment is affirmed.