(111 So. 889)

No. 28414.

## CITY OF WEST MONROE v. NEWELL.

(Feb. 28, 1927.)

*(Syllabus by Editorial Staff.)*

**1. Municipal corporations ⬤⟿112(2)—Sunday closing ordinance held not void as containing more than one subject or because title did not indicate context.**

Ordinance designed to close certain places of business on Sundays, containing penal and repealing clauses in title and context, which were germane and incidental thereto, and providing that each sale of tickets to any theater shall constitute separate offense, is not invalid as containing more than one subject, or because title was not indicative of body of act.

**2. Municipal corporations ⬤⟿121—Ordinance cannot be attacked by party not prosecuted thereunder.**

Defendant not prosecuted under portion of ordinance providing that each sale of tickets to any theater on Sunday shall constitute separate offense, which provision might be unreasonable, has no interest in attacking such provision.

**3. Constitutional law ⬤⟿296(1)—Ordinance requiring moving picture shows and other businesses to close on Sundays held not deprivation of property without due process.**

Ordinance prohibiting operation of moving picture show and other businesses on Sunday did not deprive owner of theater of property without due process of law.

**4. Sunday ⬤⟿2—Act authorizing closing of "theaters" on Sundays includes moving picture shows (Act No. 145 of 1926; Act No. 136 of 1898; Act No. 18 of 1886).**

Act No. 145 of 1926, Act No. 136 of 1898, and Act No. 18 of 1886, being charter of city of West Monroe, and authorizing it to regulate closing of "theaters" on Sundays, includes moving picture shows.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Theater.]

Appeal from Mayor's Court, Town of West Monroe; C. C. Bell, Mayor.

Timothy Newell was convicted of operating a motion picture show on Sunday in violation of an ordinance, and he appeals. Affirmed.

George Wesley Smith, of Monroe, for appellant.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, for appellee.

BRUNOT, J. The mayor and board of aldermen of the city of West Monroe passed and promulgated Ordinance No. 704, one of the provisions of which suppresses the operation of moving picture shows within the corporate limits of the city between the hours of 12 o'clock p. m. Saturday, and 12 o'clock p. m. Sunday. The defendant owns and operated a moving picture show in West Monroe in violation of said ordinance. He was tried, convicted, and sentenced for the offense, and from the judgment and sentence he appealed.

The ordinance is attacked upon four grounds: First, that it has a dual purpose and is therefore unconstitutional; second, that it is unreasonable, ultra vires, and invalid; third, that it is discriminatory and it deprives defendant of his property without due process of law; and, fourth, that the word "shows" as used in Acts No. 145 of 1926, No. 136 of 1898, and, No. 18 of 1886, does not mean moving pictures.

These defenses were made in two motions in words verbatim et literatim. One is a motion to quash the affidavit upon which the prosecution was based, and the other is a motion in arrest of judgment. Paragraph (a) of article II of both motions is as follows:

"Under section 23 of Act 145 of 1926, being the legislative authority under which the city of West Monroe now functions, the mayor and board of aldermen are delegated to pass ordinances, but same shall contain but one sub-

ject and that subject shall be clearly indicated in the title to said ordinances; that said Ordinance 704 contains more than one subject and the title of said ordinance is not indicative of what is contained in the body of said ordinance."

A mere reading of the title and context of the ordinance, both of which we quote in full, demonstrates the error of appellant's first attack, viz., that the ordinance contains more than one subject and that its title is defective.

### "Ordinance No. 704.

"An ordinance requiring all stores, shops, groceries, pool rooms, theaters, moving picture shows, and other places of public business which are or may be conducted under any law of the state of Louisiana, or any ordinance of the parish of Ouachita, or the city of West Monroe, except those herein exempted, to be closed on Sunday, and forbidding of giving, trading, bartering, operation, showing and selling on Sunday, by the proprietors or employees of such establishment, declaring such giving, trading, bartering, operation, showing or selling to be a violation of the provisions of this ordinance; fixing the penalties for all violations of same and repealing all ordinances or parts of ordinances contrary to or inconsistent herewith.

"Section 1. Be it ordained by the mayor and board of aldermen, of the city of West Monroe, Louisiana, that from and after the publication hereof, all stores, shops, groceries, pool rooms, theaters, moving picture shows, dance halls or other places of public business which are or may be licensed under the laws of the state of Louisiana, or any ordinance of the parish of Ouachita or the city of West Monroe, are hereby required to close at 12 o'clock on Saturday nights, and to remain closed continuously for twenty-four hours, during which period of time it shall be unlawful for the proprietors thereof or any employees of said proprietors or establishments to give, trade, barter, exchange or sell any of the stock or any article of merchandise kept in such establishment and it shall not be lawful for the proprietors or any of the employees of any pool room, theater, moving picture show or dance hall to operate any said pool room, theater, moving picture show or dance hall during said period of time.

"Section 2. Be it further ordained, etc., that whoever shall violate the provisions of this ordinance (and each giving, trading, bartering, exchanging, selling, opening, operation, and each selling of a ticket or tickets to any theater, or moving picture show shall constitute a separate offense) on trial and conviction shall pay a fine of not less than $25 nor more than $100 or be imprisoned for not less than ten days, nor more than thirty days, or shall suffer both a fine and imprisonment at the discretion of the court, provided that this ordinance shall not apply to filling stations, news dealers, keepers of soda fountains, public parks, ice dealers, book stores, printing offices, drug stores, undertakers, bakeries, dairies, automobile garages, transfer business, railroads, hotels, boarding houses, steam boats and other water vessels, warehouses, restaurants and telegraphs offices, and fruit stands exclusively for the sale of fruit.

"Section 3. Be it further ordained, etc., that all ordinances, or parts of ordinances, contrary to or inconsistent with the provisions of this ordinance be and the same are hereby repealed."

[1, 2] It is seen that the object of the ordinance is to close certain places of business on Sundays and that this object is clearly expressed in its title. The penal and repealing clauses of the ordinance are germane and incidental thereto. It is true that the portion of the ordinance inclosed in parentheses and reading, in part, as follows: "(and each selling of a ticket or tickets to any theater, or moving picture show shall constitute a separate offense) may, in a proper case, be held to be unreasonable and invalid. The appellant, however, in the case before us, was not prosecuted under that provision of the ordinance, and he therefore has no interest in attacking it.

[3, 4] Appellant's third and fourth contentions, that the ordinance deprives him of his property without due process of law and that it is discriminatory, and that the word "theaters" does not include moving picture shows, are disposed of by the decision of this court in the case of City of Bogalusa v. Blanchard, 141 La. 33, 74 So. 588. In that

case the accused was charged with conducting a moving picture show on Sunday, the same offense of which appellant was convicted, and the defenses there made are the same as are presented herein.

Act 145 of 1926 is the charter of the city of West Monroe, and the powers it confers upon the mayor and board of aldermen of the city of West Monroe are identical with the powers conferred upon the city of Bogalusa. In the Blanchard Case this court said:

"It will be seen from the foregoing that the 'Sunday Law' of 1886 requires the closing of 'all stores, shops, saloons and all places of public business, which are or may be, licensed,' but that it expressly excepts 'theaters, or any place of amusement' from that requirement; that the general incorporation act of 1898 confers upon the corporations created under its authority the power 'to regulate, suppress, and impose a privilege tax on all circuses, shows, theaters, billiard tables, * * * exhibitions for pay, * * * gift enterprises, * * * theatrical exhibitions, * * * and other like things; * * * to prohibit and suppress tippling shops, saloons, dram shops, club rooms; to restrain, prohibit, and suppress slaughter houses, houses of prostitution, disreputable houses, * * * gambling houses and rooms, dance houses and rooms, * * * desecration of the Sabbath day and all kinds of indecency,' etc.; that the grant so made in 1898 is reaffirmed by Act 111 of 1912; and that the legislative charter conferred on the city of Bogalusa in 1914 in express terms grants to that corporation all the powers which had thus been conferred upon the corporations created under the authority of the general laws, 'unless otherwise provided' in said charter, and (by special provision) the power 'to regulate the police of theaters, * * * balls, dance houses, concert saloons, taverns, hotels and houses of public entertainment.'

"Pretermitting the question of constitutionality, it is clear that the act of 1898 is as much the law as the act of 1886, and somewhat more so since it is a later expression of legislative will, and that the act of 1914 is as much and more the law as and than the other two, and equally clear that, if it was competent for the General Assembly in 1886 to require ordinary places of business to be closed on Sunday and to except theaters from that requirement it was

also competent for it in 1898 and 1912 to withdraw that exception by authorizing the various municipal corporations to require theaters, as well as ordinary places of business, to be so closed, and in 1914 by conferring that authority on the city of Bogalusa. It will be observed that in one paragraph, the acts of 1898 and 1912 confer the power to 'regulate, suppress and impose a privilege tax on,' and in another the power to 'prohibit and suppress,' and to 'restrain, prohibit and suppress,' and that, after conferring those powers on the city of Bogalusa by section 3 of its charter, it proceeds in section 4 to confer the power 'to regulate the police of theaters, * * * balls, dance houses, concert saloons, taverns, hotels and houses of public entertainment;' and the question naturally suggests itself, whether by these varying forms of expression it was intended to withdraw or nullify the grant of authority to 'suppress' which is contained in all of them. Having considered that question, our conclusion is that it should be answered in the negative. The power to 'regulate, suppress and impose a privilege tax on' cannot be exercised at one and the same time, since a 'circus, * * * exhibition for pay, * * * fortune teller,' etc., cannot, if suppressed, be either taxed or regulated, and we conclude that it is the intention of the law to confer the power to regulate, to suppress, to impose a privilege tax on, and to leave it to the municipal authorities to adopt either of those measures, or combine them so far as they may be combined and as the circumstances of the particular case may require.

"The power is conferred to 'prohibit and suppress tippling shops, saloons, club rooms,' etc., and to 'restrain, prohibit and suppress' houses of prostitution, desecration of the Sabbath day and all kinds of indecency, and other disorderly practices, disturbance of the peace, from which it is evident that the word 'restrain' was used, not with the intention of withdrawing the power to 'prohibit and suppress,' but merely to afford an alternative. And the same thing may be said of the grant of power 'to regulate the police of theaters, * * * balls, dance houses, concert saloons,' etc., as construed with that to 'regulate, suppress and impose a privilege tax on,' to prohibit and suppress, 'to restrain, prohibit and suppress.'

"We are not here concerned, however, with the question of the possession vel non by the city of Bogalusa of the power wholly to suppress a theater or other business, and it is unnecessary that we should determine that ques-

tion, it being sufficient for the purposes of this case that we find that the General Assembly in its latest enactment on the subject has assumed to confer upon that city the power to regulate and suppress theaters, theatrical exhibitions, exhibitions for pay, etc., and that, even though the power to suppress, as thus conferred, should be regarded as subject to limitations, that power, together with the power to regulate, is sufficient authority for an ordinance requiring theaters to be closed on Sundays.

"It has been held by this court that the Sunday law here in question (meaning the act of 1886) does not contravene the constitutional provisions which guarantees due process of law and equal protection of the laws. State ex rel. Walker & Mertz v. Judge, 39 La. Ann. 132, 1 So. 437. And similar statutes have been enacted and sustained in practically all of the other states. 8 Cyc. 885. If, then, a law which requires the closing of ordinary business establishments on Sundays, and excepts theaters from that requirement, is constitutional, equally so is the law which does not contain that exception; and, if it is competent for the General Assembly to require theaters to close on Sundays, it is equally competent for it to confer that power upon the political corporations within the limits of which the theaters are conducted, since the operation of a theater is more especially a matter of local concern, and it is for the regulation and control of such matters that political corporations are established and vested with governmental authority.

" 'Theatrical entertainments and performances on Sunday (say many of the authorities) cause agitation and disturbance, contrary to law, and are generally expressly prohibited by statute or ordinance. The statutes and ordinances have been held to forbid all performances in theaters or other places of public amusement and entertainment on Sunday, and to cover moving picture shows or exhibitions.' 37 Cyc. 551, citing authorities.

"See, also, State v. Garibaldi, 44 La. Ann. 809, 11 So. 36; City of New Orleans v. Collins, 52 La. Ann. 973, 27 So. 532; Town of Eros v. Powell, 137 La. 350, 68 So. 632; New Orleans Waterworks Co. v. City of New Orleans, 164 U. S. 471, 17 S. Ct. 161, 41 L. Ed. 518; Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 9, 19 S. Ct. 77, 43 L. Ed. 345; McQuillin's Mun. Corp. vol. 3, § 973, p. 2127; 8 Cyc. 885."

For these reasons, the judgment and sentence appealed from are affirmed.