## No. 4032

### Second Circuit

### (Second Division)

---

### JOHNSON v. SABINE PARISH SCHOOL BOARD

---

(March 16, 1932.  Opinion and Decree.)

---

J. S. Pickett, of Many, attorney for plaintiff, appellant.

A. B. Cavanaugh, of Leesville, attorney for defendant, appellee.

STEPHENS, J. The plaintiff brought this suit against the defendant to enforce the specific performance of an alleged contract; or, in the alternative, for damages in the sum of $866 for its breach.

The defendant filed a prayer for oyer of the contract, and the plaintiff answered that the contract was verbal. The defendant then filed an exception of no cause or right of action, which was sustained by the district court and the suit dismissed. From that judgment the plaintiff prosecutes this appeal.

The plaintiff stated the case in his petition as follows:

"That on the 6th day of August, 1930, the Sabine Parish School Board passed the following resolutions, to-wit:

" 'On motion duly seconded and carried Mr. Cates was authorized to secure a driver for the transfer route driven by Mr. Kegley to the Noble School for session 1930-31;'

and the said resolution was published in the minutes of the Sabine Parish School Board, in the Sabine Index, August 15, 1930.

"That acting under and by virtue of the authority conferred upon him, by the said resolution, the said A. B. Cates for, and in the name of the Sabine Parish School Board, offered to contract and did contract with your petitioner, on the 23rd day of August, 1930, to drive the school transfer on the Kegley Transfer Route to the Noble School, for the session of 1930 and 1931, at a salary of Eighty-five and No/100 ($85.00) Dollars per month for nine months.

"That G. C. Reeves, Superintendent of the Public Schools of Sabine Parish, and Secretary of the Sabine Parish School Board, assured your petitioner on the 25th day of August, 1930, that A. B. Cates had the authority as published in the resolution contained in the Minutes of the Sabine Parish School Board in the Sabine Index, on August 15th, 1930, to employ a driver to transfer the children for the Kegley Transfer Route to the Noble School for the session of 1930 and 1931; and that the said contract with and through the said A. B. Cates was valid and binding on the Sabine Parish School Board.

"That your petitioner, acting upon the faith of the published resolution of said Sabine Parish School Board authorizing the said A. B. Cates to employ a driver for the said transfer route, and upon the representation of the said A. B. Cates himself, that he had the authority to employ a driver for said transfer route, and upon the confirmation of said authority, and contract by G. C. Reeves, purchased a truck from the Lowery Motor Company, of Mansfield, Louisiana, on the 25th day of August, 1930, for the price and sum of $666.00, of which amount petitioner paid the sum of $106.00 in cash, and gave his

notes for the balance, the sum of $560.00.

"That your petitioner purchased the said truck as stated in paragraph Four hereof for the sole and only purpose of using the same to transfer the school children on the said transfer route, and that he had no other use than that herein stated for the said truck, and would not have purchased same, had he not needed it for use on said transfer route, and that in further preparation for complying with the said contract, made with the said Sabine Parish School Board through its duly authorized agent, A. B. Cates, petitioner had constructed at cost of $75.00, a special body for said truck, designed to comfortably and efficiently transfer the school children on said transfer route to the Noble school.

"That notwithstanding the said contract made with your petitioner, and accepted by petitioner in good faith, and the expense incurred by petitioner, as hereinabove set forth, preparatory to complying with, and carrying out his part of said contract, the Sabine Parish School Board, on the 3rd day of September, 1930, met in special session, and with full knowledge of all the facts herein set forth willfully disregarded and violated said contract with petitioner, by employing another man to transfer the school children on the Kegley transfer route to the Noble School.

"Petitioner shows that he has at all times been ready, able and willing to perform his part of said contract; that he has performed all of his part of said contract that he was permitted to perform by said Sabine Parish School Board, and that he now has in readiness a truck properly equipped to comfortably and efficiently transfer said school children on said transfer route and that he has no other use for said truck, and has used it for no other purpose.

"Petitioner further shows that he has made repeated amicable demands upon said Sabine Parish School Board for specific performance of said contract in vain; and that he has delayed instituting this action by the request of said School Board; but that all his efforts to induce the said Sabine Parish School Board to perform its part of said contract have been in vain.

"Petitioner further shows that he is entitled to specific performance from the said Sabine Parish School Board under its contract with petitioner; and that the said Sabine Parish School Board is due your petitioner the sum of $85.00 a month, for each school month of four weeks, beginning with September 8, 1930, and for nine months thereafter, for a total sum of $765.00, and $125.00 for attorney's fees and the cost of this suit.

"Petitioner further shows that in the alternative should the court not require specific performance from the said Sabine Parish School Board, under said contract with petitioner, that he should be restored to the situation in which he was, before the contract with the Sabine Parish School Board was made, by causing the said Sabine Parish School Board to pay your petitioner the full sum of Three Hundred Six and no/100 ($306.00) Dollars for this, to-wit: The cash payment of $106.00 on said truck; $75.00, the cost of special body constructed for said truck; $125.00 attorney's fees incurred because of this suit; and in addition thereto, the assumption by the said Sabine Parish School Board of notes in the sum of $550.00 given by petitioner in payment of the balance due on said truck, and all costs of this suit, and decreeing said Sabine Parish School Board to be the owner of said truck."

The exception of no cause or right of action is founded on the proposition that no special statute of this state, the general law or the jurisprudence, authorizes the defendant, the Sabine parish school board, to delegate the powers, vested in it by the Legislature, to contract for the transportation of school children.

The statute which empowers the school boards of the several parishes to provide transportation for school children reads as follows:

"That the Parish school boards shall have the authority to provide transportation for children attending any school approved by the State Board of Education for children living more than two miles from a school of suitable grade." Section 29, Act No. 100 of 1922, as amended by Act No. 202 of 1928.

246

A public board is constituted to act in the interest of the public welfare as a deliberative body with each of its members assisting the board to arrive at a conclusion which reflects the result of their united wisdom and experience. The board alone, therefore, must finally determine every subject committed to its discretion and judgment.

The general rule, succinctly stated, is that legislative and discretionary powers devolved by law on a public board or governing body politic cannot be delegated or referred to the discretion and judgment of its subordinates or any other authority. A contrary rule prevails, however, as to ministerial duties or administrative functions of such board or body.

While the rule as thus stated is not without exception in the jurisprudence, the general principles involved which underlie it are fundamental, and of well-nigh universal application. Cooley on Constitutional Limitations (7th Ed.) page 293; McQuillan on Municipal Corporations, secs. 393, 399 and 1279; City of Shreveport v. Herndon, 159 La. 113, 105 So. 244; State v. Garibaldi, 44 La. Ann. 809, 11 So. 36; State v. City of Shreveport, 124 La. 178, 50 So. 3, 134 Am. St. Rep. 496; Gauthier v. St. John the Baptist Parish School Board, 5 La. App. 570.

The act of the Legislature above quoted which confers the power and authority, and imposes the duty on the school board to provide for the transportation of school children, is general in its terms. The method by which the purpose of the act is to be accomplished is not specified, and is therefore impliedly committed to the discretion of the board.

Mr. A. B. Cates, acting under the authority of the resolution, as set forth in the petition, contracted with the plaintiff in the name of the defendant board, thereby exercising its power to contract, and substituting his judgment and discretion for that of the board in determining the person to be employed as driver of the transfer route, and the compensation to be paid for that service.

Clearly, the action of the defendant board in delegating its power to contract with reference to a matter in which it was necessary to exercise a discretion, and in referring the exercise of that discretion to an individual, is without statutory authority or other legal sanction.

"The common council cannot, however, in the absence of legislative authority, delegate its power to contract to a board, committee or officer where the exercise of discretion in making the contract is necessary." Excerpt from McQuillan, Municipal Corporations, sec. 1279.

It is not contended that the contract entered into by Mr. Cates was subsequently ratified by the school board, but, on the contrary, it is alleged in the petition that the board entered into a contract with another person to drive the route in question; which action by the board, of course, repudiated the alleged contract with plaintiff.

As Mr. Cates was without legal authority to bind the defendant school board, the contract which he made with the plaintiff was without legal effect, and the plaintiff is not entitled to the relief sought in the premises.

We are of the opinion that the exception of no cause or right of action was correctly sustained, and the judgment appealed from is therefore affirmed.