J2SHORTESS, Judge.
Eva S. Jackson, plaintiff, filed suit for a writ of mandamus against the Assumption Parish School Board (Board). Plaintiff alleged that on October 12, 1993, she wrote a letter addressed to P. Edward Cancienne, Jr., Superintendent, and requested an appearance before the Board at its i*egularly scheduled meeting on November 3, 1993.[1]
In the letter, plaintiff enumerated the issues she wished to address as follows:
(a) School Board policies: GBK, GAEA, GAE & JDA; (b) proper equipment for the restraining of student (especially special education); (c) the suspension of Labadie-ville Primary School principal and secretary and the alleged incident involving the principal and assistant principal at Laba-dieville Middle School; (d) School Board [usage] of Double Standard in [its] implementation of School Board Policy; and (e) Discriminatory practices of the School Board in the disciplining of black students and black employees.
She additionally requested an investigation of an incident at Labadieville Middle School on December 18, 1992, involving a student, the principal, and the assistant principal.
On October 28, 1993, Cancienne responded by letter to plaintiffs request. Therein, plaintiff was told:
The Board is not the proper recourse to your issues. Therefore, I am denying your request to come before the Board. If you have any problems concerning the procedures you are to follow, please call me, and I will be very happy to explain to you the appropriate course of action.
Cancienne’s letter also referred to Policy GAE, Grievance Procedures, and stated the' issue plaintiff referred to came under said policy.
Plaintiff alleged she was entitled to address the Board pursuant to Louisiana Revised Statute 42:4.1 and sought mandamus relief. The trial court set the matter for hearing. |3The Board filed an exception of no cause or no right of action. The trial court denied the exception and then proceeded with an evidentiary hearing on the merits. With lengthy oral reasons, it denied relief to plaintiff, and she has appealed.
Plaintiff contends Cancienne exceeded his authority by denying her request to address the Board. The Board responds that Assumption Parish School Board policy BCBD, the Louisiana Constitution, and Louisiana statutes clearly indicate the Board may delegate the duty of preparing the agenda to the superintendent.
Policy BCBD provides in pertinent part:
The Superintendent shall prepare an agenda for each meeting, said agenda to be mailed to each member of the Board no later than the Friday of the week [preceding] the day of the meeting.
Article 8, Section 9(B), of the Louisiana Constitution provides:
Superintendents. Each parish board shall elect a superintendent of parish schools. The State Board of Elementary and Secondary Education shall fix the qualifications and prescribe the duties of the parish superintendent. He need not be a resident of the parish in which he serves.
The Louisiana General School Law is found in Title 17, Chapter 1, of the Louisiana Revised Statutes. Part II, Subpart B,[2] of that chapter is entitled “Powers and Duties of School Boards and Parish Superintendents.” Revised Statute 17:81 enumerates the general powers of the parish school boards. Therein, parish superintendents are mentioned just twice, and then only in connection with the selection and hiring of teach *551 ers. Clearly, superintendents have only as much authority as may lawfully be conferred upon them by law. Revised Statute 17:81(C) unequivocally provides:
Each city or parish school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the | regulations of the State Board of Elementary and Secondary Education, as it may deem proper.
In this connection, it is useful to note the provisions of Revised Statute 17:22(1) which deal with the functions and duties of the state superintendent of education:[3]
The superintendent shall:
(1) Serve as ex officio secretary of the board. As ex officio secretary, he shall have powers and functions assigned by the board, among which shall be the authority with the president of the board, to authenticate and verify official documents of the board and the submission of agenda items for consideration by the board.
The state superintendent has authority to submit agenda items to the State Board of Elementary and Secondary Education ivith the president of that board.
In Assumption Parish, however, the appointed superintendent has unilateral authority to prepare the agenda, subject only to an override if two-thirds of the Board disagree with the decision to keep an item off the agenda as per Revised Statute 42:7 (A)( 1) (b) (ii).
The general rule in Louisiana relative to non-elected personnel exercising discretionary powers has been quite settled for many years.
In State ex rel. DeBarge v. Cameron Parish Sch. Bd., 202 So.2d 34 (La.App. 3d Cir.), writ denied, 251 La. 386, 204 So.2d 572 (1967), the third circuit affirmed a grant of summary judgment in favor of a discharged school principal who sought a writ of mandamus against the School Board by arguing the School Board could not delegate to the superintendent authority to act on its behalf. The appellate court quoted from a 1932 case:
I5A public board is constituted to act in the interest of the public welfare as a deliberative body with each of its members assisting the board to arrive at a conclusion which reflects the result of their united wisdom and experience. The board alone, therefore, must finally determine every subject committed to its discretion and judgment.
The general rule, succinctly stated, is that legislative and discretionary powers devolved by law on a public board or governing body politic cannot be delegated or referred to the discretion and judgment of its subordinates or any other authority. A contrary rule prevails, however, as to ministerial duties or administrative functions of such board or body.
Id. at 38, quoting Johnson v. Sabine Parish Sch. Bd., 19 La.App. 243, 246, 140 So. 87, 89 (2d Cir.1932).
Cancienne repeatedly emphasized during his testimony that his actions herein were discretionary rather than ministerial. He also emphasized that although he discussed plaintiffs request with Leonard Alcorn, Board president, and other unnamed Board members, he was adamant that no votes were taken and that the decision not to put plaintiff on the Board’s agenda was his alone. Alcorn testified that Cancienne discussed plaintiffs request with him but he took no action on it, even after receiving a copy of Cancienne’s letter to plaintiff denying her request; and that for her request then to have gotten on the agenda, a two-thirds vote of the Board members would have been necessary. This distinction clearly will defeat mandamus. However, it flies in the face of the general rule espoused above and found in 73 C.J.S. Public Administrative Law and Procedure § 56(a) (1983):
In general, administrative officers and bodies cannot alienate, surrender, or abridge their powers and duties, and they cannot legally confer on their employees or others authority and functions which under the law may be exercised only by them or by other officers or tribunals. Accordingly, in the absence of permissive constitutional or statutory provision, administrative officers and agencies cannot delegate to a subordinate or another powers and *552 functions which are discretionary or quasi-judicial in character, or which require the exercise of judgment; and subordinate officials have no power with respect to such duties.
(Footnotes omitted.)
|6We expressly find and hold that Canci-enne was exercising discretionary functions which could not be delegated solely to him under our express and implied laws. These laws guarantee that citizens be given reasonable access to public meetings of elected bodies. Revised Statute 42:4.1-13.
It is axiomatic that if the Board improperly delegated this authority unilaterally to the superintendent, mandamus cannot follow. The Board itself must have some input on discretionary decisions by the superintendent which deny citizens an opportunity to address the Board. The decision of the trial court is affirmed, but all costs, in the amount of $970.79, are taxed to the Board.
AFFIRMED.
LOTTINGER, C.J., and CARTER, J., concur.

. Plaintiff's Exhibit A is a copy of that written request. It is written on the letterhead of Concerned Organized People for Education (COPE) and signed by plaintiff as president of COPE. It shows a copy to Leonard Alcorn, president of the Board.

. LSA-R.S. 17:81-100.5.

. This was an elected position under the old law, but in 1985 Revised Statute 17:21(C) was amended by La. Acts 1985, No. 444, § 1, so that the superintendent is now appointed by a two-thirds vote of the total membership of the State Board of Elementary and Secondary Education.