Dear Gentlemen:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. You requested an opinion from this office on behalf of a member of the Lafayette Parish School Board ("Board"). Specifically, you ask the following:
 Can the administration of the Lafayette Parish School System ("Administration") put displaced students in our schools, give employment to displaced teachers and other school staff in temporary substitute positions, and incur expenditures to accomplish these objectives without prior approval of the Lafayette Parish School Board.
The facts provided in the opinion request are as follows: After Hurricane Katrina, many former New Orleans residents, including school-age children and educators, moved to Lafayette, Louisiana. Many of these students enrolled at the various public schools within Lafayette. In addition, the Administration chose to offer employment to displaced teachers. In the opinion request, you asked if the Administration had the authority to take the above described actions.
It is the opinion of this office that the Administration did not have the authority to hire displaced teachers without the approval of the Board; however, the Administration did have the authority to enroll students in the various schools within the district.
It is the duty of a parish school board to determine the number of schools to be opened, the location of each school, the number of teachers to be employed, and finally the selection of teachers and other certified personnel. La. R.S. 17:81(A)(1), LAC 28:303 (2006). The prime obligation of the public school system is to furnish each student with a full and complete education; hence, it is the obligation of a parish school board to conduct the schools under its supervision and to promulgate rules and regulations to meet that end. Estay v. LafourcheParish School Board, 230 So.2d 443, 446 (La.App. 1 Cir. 1969). Moreover, a public board is constituted to act in the interest of the public welfare as a deliberative body. Generally, the legislative and discretionary powers given to a school board may not be delegated to its subordinates. Johnson v. Sabine Parish School Board, 140 So. 87, 89
(La.App. 2 Cir. 1932).
La. R.S. 17:81(A)(2) provides that a parish school board is given the authority to select teachers and other certified personnel after receiving recommendations from the city or parish superintendent. The fact that the superintendent only makes recommendations and that the ultimate decision rests with the Board indicates that the hiring of teachers is a non-delegable duty of the Board. Here, the Administration hired teachers without seeking the approval of the Board. Thus the Administration failed to follow proper procedures, in violation of La. R.S. 17:81 and the Louisiana Administrative Code.[1]
You also asked whether the Administration had the authority to enroll students without the prior approval of the Board. Under La. R.S. 17:104, each city and parish school board has full authority and responsibility for the assignment, transfer and continuance of all students among and within the public schools in its jurisdiction, and must prescribe rules and regulations pertaining to those functions. However, La. R.S. 17:104
also provides that "the board may exercise this responsibility directly or may delegate its authority to the superintendent of education or other person or persons employed by the board." Hence, the proper this responsibility directly or may delegate its authority to the superintendent of education or other person or persons employed by the board." Hence, the proper procedure for the enrollment of students was followed because this is an action which may be delegated to the Administration.
We hope this sufficiently answers your inquiry; if we can be of further assistance, please do not hesitate to contact us.
 With Best Regards,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: _____________________ Cherie A. Lato Assistant Attorney General
[1] It is important to note that each city or parish school board is authorized to make rules and regulations for its own governance that are not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education. You provided this office with certain sections of the Policy Manual of the Lafayette Parish SchoolSystem; however, there were no rules in those given sections which would relate to this issue. Nevertheless, if the Board has adopted rules which prescribed specific procedures for the hiring of teachers, those provisions, consistent with existing law, must be taken into consideration.